Rule 23 order filed
July 22, 2019.
Motion to publish granted
August 5, 2019.

2019 IL App (5th) 190089

NO. 5-19-0089

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* ADOPTION OF P.J.H. | ) | Appeal from the |
| | ) | Circuit Court of |
| (Benjamin Gossard and Cheryl Hurst, | ) | Madison County. |
| | ) | |
| Petitioners-Appellees, | ) | |
| | ) | |
| v. | ) | No. 18-AD-69 |
| | ) | |
| Kohl Bertels, | ) | Honorable |
| | ) | Martin J. Mengarelli, |
| Respondent-Appellant). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1     The respondent, Kohl Bertels, appeals the February 22, 2019, order of the circuit court of

Madison County which terminated his parental rights with regard to his minor daughter, P.J.H.,

after the petitioners, Benjamin Gossard and Cheryl Hurst, filed a petition requesting that

Benjamin be allowed to adopt her. On appeal, the respondent argues that the circuit court erred in

finding him to be an unfit parent pursuant to, *inter alia*, section 1(D)(b) of the Adoption Act. 750

ILCS 50/1(D)(b) (West 2018). For the reasons that follow, we affirm.

¶ 2                                    FACTS

¶ 3     On June 1, 2018, Benjamin and Cheryl filed a petition in the circuit court of Madison

County, seeking an order permitting Benjamin to adopt Cheryl's daughter, P.J.H., born in

1

September of 2014. The petition alleged that Kohl is P.J.H.'s biological father but had failed to maintain a reasonable degree of interest, concern, or responsibility as to her welfare. The petition further alleged that Kohl had continuously neglected, abandoned, and deserted P.J.H. For these reasons, the petition alleged that Kohl was an unfit parent pursuant to section 1(D)(b) of the Adoption Act. *Id.* Finally, the petition alleged that it was in the best interests of P.J.H. that Kohl's parental rights be terminated and Benjamin be permitted to adopt P.J.H.

¶ 4       On June 18, 2018, Kohl, who was then incarcerated in the Department of Corrections, sent a letter to the circuit court stating that he did not wish to lose his rights as P.J.H.'s father. The circuit court accepted Kohl's letter as an answer to the petition and appointed counsel to represent Kohl in the proceedings. The circuit court also appointed a guardian *ad litem* (GAL) to represent P.J.H.'s interests. The circuit court entered orders of *habeas corpus* so that Kohl would be able to attend all hearings associated with the petition. On September 14, 2018, Benjamin and Cheryl filed an amended petition for adoption, adding an allegation that Kohl was depraved due to his having more than three felony convictions. See *id.* § 1(D)(i).

¶ 5       On November 27, 2018, the GAL filed her report and recommendation regarding Kohl's fitness as a parent. The GAL opined, in relevant part, that Kohl was depraved based on his felony convictions. *Id.* Further, the GAL opined that Kohl had no meaningful relationship with P.J.H. and had not seen or supported her during the prior three years, including periods when he was not incarcerated. Accordingly, the GAL recommended that Kohl's parental rights as to P.J.H. be terminated.

¶ 6       The circuit court held an evidentiary hearing on the petition on February 22, 2019. Kohl testified he was then incarcerated for a felony burglary he committed in October of 2016. He was previously convicted of felony burglary in 2012, 2013, and 2014. The circuit court took judicial

2

notice of these convictions. Kohl testified that the last time he saw P.J.H. was in September of 2016, when he hosted a birthday party for P.J.H. at his home. He attempted to send her a box of toys through the Angel Tree program in December 2018. Prior to the petition being filed, he tried to call on a monthly basis to ask about P.J.H., but Cheryl told him to stop calling. He has not sent any birthday cards or presents prior to the petition being filed because he did not know the address until he was served with the petition.

¶ 7    Kohl testified that he has never paid child support. He visited P.J.H. on Christmas Eve of 2014 before he was incarcerated for a burglary he committed while Cheryl was pregnant with P.J.H. Prior to his current incarceration, he tried to contact P.J.H., but Cheryl and Benjamin told him he would need to go to court and get a visitation order. He was unable to establish paternity or request visitation due to his incarceration. Kohl testified that his crimes were a result of his drug use. Between his release in August of 2015 and his incarceration in October of 2016, he visited P.J.H. approximately 10 to 12 times. He asked to see her every week during this period of time, but Cheryl always told him to take her to court. Kohl testified he was set to be released in July of 2019, had completed a drug program, and was willing to do whatever it took to remain in P.J.H.'s life.

¶ 8    Cheryl testified that when she gave birth to P.J.H. in September of 2014, she asked Kohl to step out of the room, and instead, he left the hospital. He then showed up at her house a week or two later. From then until he went to jail on Christmas Eve of 2014, Kohl would stop by for five-minute visits once or twice a week. During his first incarceration, between December of 2014 and August of 2015, Kohl tried to call Cheryl multiple times, complaining that Benjamin had improperly undertaken a role as P.J.H.'s father. While Kohl was out of prison between August of 2015 and October of 2016, Cheryl allowed him to visit with P.J.H. for eight hours

3

every other Saturday and three hours every Wednesday. However, Kohl began trying to switch the schedule because he only wanted visitation with P.J.H. on days when his girlfriend was home. Kohl was on house arrest during this time. Contrary to Kohl's testimony, Cheryl testified that Kohl had not seen P.J.H. since her first birthday, in September of 2015, over a year before he went back to prison in October of 2016.

¶ 9      After hearing the foregoing evidence, the circuit court made findings of fact and law on the record. The circuit court declined to find Kohl depraved because, although he had the requisite felony convictions, he had completed some rehabilitative programs and his GED during his most recent incarceration. However, the circuit court did find that Cheryl had proven by clear and convincing evidence that Kohl had failed to maintain a reasonable degree of interest, concern, or responsibility for P.J.H.'s welfare. The circuit court then proceeded to the best interests portion of the hearing, wherein Cheryl and Benjamin testified regarding Benjamin's role as a father figure to P.J.H. for nearly all of her life. Following this evidence, the circuit court found that Cheryl and Benjamin had met their burden to prove, by a preponderance of the evidence, that it is in P.J.H.'s best interests that Kohl's parental rights be terminated. Kohl filed a timely notice of appeal on February 27, 2019.

¶ 10                                     ANALYSIS

¶ 11      On appeal, Kohl urges this court to reverse the circuit court's finding that he is an unfit parent as set forth in section 1(D)(b) of the Adoption Act. 750 ILCS 50/1(D)(b) (West 2018).[1] In evaluating the merits of Kohl's argument, we must consider our standard of review. A finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re C.N.*, 196 Ill. 2d 181, 208 (2001). A finding is against the manifest weight of the

---

[1]Kohl does not appeal the circuit court's finding that it is in P.J.H.'s best interests that his parental rights be terminated.

4

evidence only if the opposite conclusion is clearly apparent. *Id.* The circuit court's finding of unfitness is given great deference because it has the best opportunity to view and evaluate the parties and their testimony. *In re Daphnie E.*, 368 Ill. App. 3d 1052, 1064 (2006). This court, therefore, does not reweigh the evidence or reassess the credibility of the witnesses. *In re M.A.*, 325 Ill. App. 3d 387, 391 (2001). Each case concerning parental fitness is unique and must be decided on the particular facts and circumstances presented. *In re Gwynne P.*, 215 Ill. 2d 340, 354 (2005). Because each of the statutory grounds of unfitness is independent, the trial court's finding may be affirmed where the evidence supports a finding of unfitness as to any one of the alleged grounds. *In re C.W.*, 199 Ill. 2d 198, 217 (2002).

¶ 12    Here, the circuit court found that Kohl was an unfit parent because he failed to maintain a reasonable degree of interest, concern, or responsibility as to P.J.H.'s welfare. See 750 ILCS 50/1(D)(b) (West 2018). The circuit court acknowledged that Kohl had tried to visit with P.J.H. "from time to time" while he was out of prison. The circuit court nevertheless determined that these erratic requests for visitation did not meet the standard for a reasonable degree of interest, concern, or responsibility as to P.J.H.'s welfare. The circuit court found that it was unreasonable to expect Cheryl to allow P.J.H. to have visitation with Kohl on the occasions that he did request such visitation due to Kohl's use of alcohol and drugs. In addition, the circuit court held that it was incumbent upon Kohl to seek his rights to P.J.H. in court and to incur the attendant responsibilities, including the payment of support. We find evidence in the record, as outlined above, to support these findings.

¶ 13    Kohl argues on appeal that the circuit court's decision is against the manifest weight of the evidence, citing the birthday party Kohl's family had for P.J.H. at Kohl's residence, his calls from prison to inquire about P.J.H., and the items Kohl dropped off for P.J.H. during the first

5

month of her birth. However, a parent is not fit merely because the parent has demonstrated "*some* interest in or affection for [his or] her children; [his or] her interest, concern, and *responsibility* must be reasonable." (Emphases in original.) *In re E.O.*, 311 Ill. App. 3d 720, 727 (2000); see also *In re M.I.*, 2016 IL 120232, ¶ 30. We find that the facts cited by Kohl are insufficient for this court to find that a result opposite that reached by the circuit court is clearly apparent.

¶ 14     *Perkins v. Breitbarth*, 99 Ill. App. 3d 135 (1981), which is the sole case that Kohl cites in support of his argument on appeal, is readily distinguishable. In that case, the appellate court held that evidence in the record was insufficient to support the circuit court's conclusion that the father's unfitness was proven by clear and convincing evidence. *Id.* at 140. However, in *Perkins*, the sole basis for the circuit court's decision was the father's failure to pay child support. *Id.* at 138. The circuit court in *Perkins* had specifically found that the father had made reasonable efforts to visit the child, and that the efforts were, to a considerable extent, frustrated by a lack of cooperation from the mother. *Id.* at 139. In the case at bar, the circuit court's factual findings, which were based on evidence in the record, were exactly opposite those made by the circuit court in *Perkins*. Unlike in *Perkins*, the circuit court found that Kohl's efforts to visit P.J.H. were lacking and were not thwarted in any way by Cheryl, who rightfully refused visitation due to Kohl's alcohol and drug use. For all of these reasons, we decline to disturb the circuit court's findings or order.

¶ 15                          CONCLUSION

¶ 16     For the foregoing reasons, the February 22, 2019, order of the circuit court of Madison County, which terminated Kohl's parental rights to P.J.H., is affirmed.

¶ 17    Affirmed.

2019 IL App (5th) 190089

NO. 5-19-0089

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* ADOPTION OF P.J.H. | ) | Appeal from the |
| | ) | Circuit Court of |
| (Benjamin Gossard and Cheryl Hurst, | ) | Madison County. |
| | ) | |
| Petitioners-Appellees, | ) | |
| | ) | |
| v. | ) | No. 18-AD-69 |
| | ) | |
| Kohl Bertels, | ) | Honorable |
| | ) | Martin J. Mengarelli, |
| Respondent-Appellant). | ) | Judge, presiding. |

**Rule 23 Order Filed:**     July 22, 2019
**Motion to Publish Granted:**  August 5, 2019
**Opinion Filed:**        August 5, 2019

**Justices:**     Honorable James R. Moore, J.

          Honorable Melissa A. Chapman, J., and
          Honorable Judy L. Cates, J.
          Concur

**Attorney**    Marshall H. Rinderer, 907 Washington Street, Highland, IL 62249
**for**
**Appellant**

**Attorney**    Curtis L. Blood, P.O. Box 486, Collinsville, IL 62234
**for**
**Appellees**